**Ennos Rennald MALAGWAR, aka Ennos Rennald M. Tanamal, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74711.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.\*

Filed Sept. 11, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James L. Rosenberg, Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, Aviva L. Poczter, Emily Anne Radford, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: TASHIMA, SILVERMAN and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Ennos Rennald Malagwar, aka Ennos Rennald M. Tanamal, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Dhital v. Mukasey,* 532 F.3d 1044, 1050 (9th Cir.2008), and we deny the petition for review.

■ Malagwar filed his asylum application three years after he joined the Malukus Sovereignty Front and five years after conditions deteriorated for Christians in Indonesia during the 1998 riots. We agree with the BIA that even if Malagwar established changed circumstances, he did not file his asylum application within a reasonable period of time. *See* 8 C.F.R. § 1208.4(a)(4)(ii); *Husyev v. Mukasey,* 528 F.3d 1172, 1182 (9th Cir.2008).

■ Because Malagwar did not establish past persecution, substantial evidence supports the BIA's conclusion that he failed to prove that he could not reasonably relocate in Indonesia. *See* 8 C.F.R. § 1208.13(b)(3)(i). He therefore has not shown a clear probability of persecution based on a protected ground if removed to

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Indonesia, *Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.